## Edwards, et al. v. Storms.

(Decided May 6, 1927.)

### Appeal from Whitley Circuit Court.

1. Set-off and Counterclaim.—Where judgment was rendered on verdict for plaintiff after defendants' motion for new trial was overruled, defendants, by filing transcript of record in Court of Appeals with motion for appeal, abandoned their cause of action set up in counterclaim.

2. Sales.—Contract for manufacture of lumber held to be entire and not severable, notwithstanding it called for manufacture of list of separate articles at separate prices.

3. Sales.—One who contracted to manufacture lumber by contract which was entire cannot recover for buyer's breach, where he did not perform, or offer to perform, all of contract, having failed to manufacture part of lumber.

4. Pleading.—In action for breach of oral contract to purchase lumber, in which pleading alleged that certain pine flooring was included, plaintiff cannot testify that contract did not include such flooring, without reformation of pleading, since, where contractual rights are relied on, different contract may not be proven from one pleaded.

5. Trial.—In action for breach of oral contract to purchase lumber, plaintiff's testimony that lumber not manufactured was not included in contract will not be considered in determining whether defendant was entitled to peremptory instruction, where petition alleged that contract included such lumber.

6. Trial.—In action for breach of oral contract to purchase lumber, in which time of delivery and question whether certain unmanufactured lumber was included in contract was disputed, instruction authorizing recovery if defendants breached contract and refused to take lumber held error.

TYE, SILER, GILLIS & SILER for appellants.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellants and defendants below, B. J. Edwards and Walter Cloyd, made a verbal contract with appellee and plaintiff below, W. W. Storms, to manufacture at his sawmill, located in the country some distance from Corbin, Ky., certain designated qualities and quantities and dimensions of lumber with which to construct a business house in Corbin, for which they agreed to pay plaintiff stipulated prices for each grade and kind of lumber to be manufactured by him. One of the items so agreed to be manufactured by him was 11,222 feet of dressed pine flooring, for which he was to receive $60 per thousand. Alleging that defendants had refused to accept performance of the contract by plaintiff, except a portion of one item amounting to $235, and that they had thereby wrongfully breached the contract, plaintiff filed this action against them in the Whitley circuit court to recover his alleged damages for such breach to be measured by the difference between the contract prices plaintiff was to receive under the contract and what he was compelled to and did receive for the lumber on the market, and which he fixed in his petition at $588. A demurrer filed to the

petition was overruled with exceptions. Defendants' answer as finally amended admitted the contract, but made an issue with plaintiff as to the time for its performance, and denied that plaintiff ever manufactured the lumber or tendered or offered to perform his contract. A second paragraph alleged a breach by the plaintiff of his contract, and that defendants were thereby delayed in finishing their building, by reason of which they lost a large amount of rents, and which they sought to recover from him on a counterclaim.

Appropriate pleadings made the issues, and upon trial there was a verdict in favor of plaintiff for the sum of $461.12, for which judgment was rendered after defendants' motion for a new trial was overruled, and to reverse it they have filed a transcript of the record in this court, with a motion for an appeal, thereby abandoning their cause of action set up in their counterclaim.

A number of grounds for reversal are contained in the motion for a new trial, four of which are argued in brief of counsel for defendants, but we deem it unnecessary to refer to or discuss any of them except (1) error of the court in overruling the demurrer filed to the petition; (2) error in overruling defendants' motion for a peremptory instruction in its favor; and (3) error in the instructions submitted to the jury, which we will dispose of in the order mentioned.

1. More than one defect in the petition is insisted upon by defendants' counsel, but we regard them without merit, except the one we shall now consider. We have hereinbefore mentioned the item of pine flooring that plaintiff expressly alleged in his petition was a component and material part of the contract into which he entered with defendants. He expressly alleged therein "that on or about the 15th day of July, 1920, he entered into a contract with the defendants to furnish them the following bill of lumber, to-wit." Then follows an enumeration of the various items of the bill, one of which is that relating to the pine flooring. Further along in the petition he averred that he had manufactured "all of the lumber called for in the bill above stated except the last item of pine flooring which was to be planed and dressed, but that he had not finished manufacturing this item, and same is omitted from the account sued on herein." From the pleading as thus drafted it is made to appear that plaintiff is seeking damages for a breach of his contract

when, according to his own showing, he was neither ready to, nor offered to, perform it except pro tanto. In other words, his theory seems to be that he has the right to recover and to maintain the action for only a partial performance or tender of performance or readiness to perform on his part, and which if sustainable at all must be upon the idea that the contract as made is severable and not entire; but which we are convinced is error.

It is not, nor could it successfully be, contended that the contract was anything but an entire one. The fact that it called for the manufacturing of a list of separate articles at separate prices did not militate against its entirety. The proposition is so sound and logical that we do not deem it necessary to cite specific cases, or other authority in support of it. If it were otherwise, as plaintiff seems to assume in his petition, then he could manufacture and tender any one or more of the specified items composing the entire bill of lumber which he agreed to manufacture, and compel defendants to accept it or subject themselves to damages for their refusal to do so. Clearly, no such principle can be found in the law relating to contracts, and we deem it unnecessary to continue the discussion of this point. So that the question for determination is: whether plaintiff may recover for a breach of his contract by defendants when, according to his allegation, he never performed or offered to perform but only a part of it.

In determining that question, the law relating to one's right to recover the contract price for a pro tanto performance, while not strictly applicable to the particular relief sought in this action, would necessarily have some bearing on plaintiff's right to recover damages for a breach of the contract when he had performed or offered to perform only a part of it. The law governing the right to recover the contract price is thus stated in 13 C. J. p. 693, par. 787:

> "In accordance with the rules already stated concerning strict and substantial performance, by the great weight of authority there can be no recovery on an entire contract for a part performance thereof, and the courts will not attempt to split up such contracts and apportion the consideration to the part performed. Likewise a partial or defective performance of a condition precedent is generally not sufficient."

The text continues with a discussion of the rights of the part performer in such cases, but which have no application to the question under consideration.

Under the head of "Sales," the text in 35 Cyc. 202, par. 9, upon the question now under consideration, says:

> "Generally a specification of quantity in a contract of sale will be regarded as material. The full quantity contracted for must be delivered at the time and place specified to constitute a sufficient delivery, and the buyer is in general not obliged to accept or pay for a less quantity; the failure of the seller to deliver the quantity specified constituting a total breach of the contract."

Upon the same subject, and more completely fitting the facts here than the above excerpt, the text in 23 R. C. L. p. 1430, par. 244, says:

> "Where the contract is entire for the sale of a certain quantity of a commodity, the duty of the seller is to deliver the required quantity, and, in case a less quantity is tendered, with no intention of performing the contract in full, the buyer is under no obligation to accept the partial tender, but may refuse the same and maintain his action for the breach of the contract as a whole. So, where an order is given for an entire bill of goods, there is no obligation on the buyer to accept a delivery of part only."

The same principle was upheld by us in the case of Owensboro Wheel Company v. Trammell, 172 Ky. 564, 189 S. W. 702, and in our opinion therein it was stated, in substance, that defendant would have been entitled to a peremptory instruction, upon the ground that a less quantity of the articles sold were tendered, except for the testimony in the case that it through its authorized agents had waived full performance or full tender thereof. No such waiver appears in the petition in this case, and, under the doctrine of the authorities, *supra,* the court erred in overruling the demurrer filed thereto.

2. What we have said in disposing of ground 1 applies with equal force to ground 2, unless they are to be differential because of the testimony heard at the trial, and which we will now consider. Notwithstanding plaintiff's pleading was in the condition above stated, he was permitted to and did testify, contrary to the al-

legations of his petition, that his contract with defendants did *not* include the manufacturing of the pine flooring hereinbefore referred to. Evidently he should not have been allowed to do that, without a reformation of his pleading, since the practice is universal to the effect that evidence should be confined to the pleading, and that, when contractual rights are relied on, a different one may not be proven from the one set up in the pleadings. That being true, plaintiff's right should be measured by his contract set out in his petition and not by the one he attempted to establish by his proof, without either pleading or proof that the altered contract was consented to by defendants. No such consent on their part appeared in this case, and for that reason defendants' motion for a peremptory instruction should have been sustained.

3. Because of the fact that plaintiff might amend his pleading on a return of the case, we deem it necessary to briefly discuss the instructions complained of under ground 3. There was a sharp contradiction in the testimony as to the time for the delivery of the lumber that plaintiff agreed to manufacture under the contract sued on; he contending that he was to do so "some time in the spring of 1921," while defendants testified that under the contract all deliveries were to be made by him in the fall of 1920. In its instructions to the jury, the court did not submit the respective contentions of the parties as to to what was the true contract, but authorized a recovery against defendants if they "breached their contract and refused to take from the plaintiff the lumber mentioned and described in the evidence and in the bill or contract introduced in the evidence." That submission was an erroneous one, because there was a contrariety in the evidence as to the terms of the contract—i. e., the time for its performance as well as whether the pine flooring was included in it—and the jury was not directed as to which one of the two contradictory lines of evidence upon which it was authorized to return a verdict. The instructions should have submitted to the jury the contentions of each party and the principles of law governing their rights under each submission.

For the reasons stated, the motion for the appeal is sustained, the appeal is granted, and the judgment is reversed, with directions to sustain the motion for a new trial, and to set it aside, and for proceedings consistent with this opinion.